UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRYSTAL B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

CASE NO. C22-5974-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the denial of her application for Disability Insurance Benefits. She contends the ALJ erroneously discounted her testimony, lay statements, and certain medical opinions. Dkt. 11 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 38 years old, has an eighth-grade education and training as a nursing assistant, and has worked as a caregiver and childcare provider. Tr. 48, 55, 1083-84. On March 21, 2017, she applied for benefits, with an amended alleged onset date of June 6, 2015. Tr. 15, 187-88. Her application was denied initially and on reconsideration. Tr. 117-23, 125-31. The

ALJ conducted a hearing in October 2018 (Tr. 37-83), and subsequently found Plaintiff not disabled. Tr. 15-31.

The Appeals Council denied Plaintiff's request for review (Tr. 1-6), and Plaintiff sought judicial review of the Commissioner's final decision. The U.S. District Court for the Western District of Washington reversed the ALJ's decision and remanded for further administrative proceedings. Tr. 809-15. In light of that order, the Appeals Council instructed a different ALJ to consolidate Plaintiff's claim with a subsequent application, offer a hearing on the consolidated claims, and issue a new decision. Tr. 818-19.

The ALJ held a hearing in September 2022 (Tr. 744-71) and subsequently issued a decision finding Plaintiff not disabled. Tr. 718-35. Plaintiff now seeks judicial review of this decision.

## DISCUSSION

### A. Medical Opinions[1]

Plaintiff contends the ALJ misevaluated the medical opinions of Drs Sylvester, Ballard, and Landrum.

#### *1. Patricia Sylwester, M.D.*

Dr. Sylwester performed a consultative physical examination of Plaintiff in August 2016 and wrote a narrative report describing specific functional limitations. Tr. 334-48. The ALJ discounted Dr. Sylwester's opinion for multiple reasons, Tr. 730-31; Plaintiff contends none of these reasons is legally sufficient.

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to this case.

First, Plaintiff argues the ALJ erroneously found there is no support for Dr. Sylwester's opinion Plaintiff is limited to less than 10 pounds of lifting and carrying. *See* Tr. 730. The ALJ emphasized Plaintiff's normal arm strength and grip, *id*., but fails to acknowledge Dr. Sylwester did not purport to base a lifting/carrying restriction on an arm-related impairment. Instead, Dr. Sylwester attributed Plaintiff's lifting/carrying restriction on "reduced range of motion in [Plaintiff's] back and radicular symptoms." Tr. 337. Moreover, as Plaintiff emphasizes, Dkt. 11 at 8, the ALJ described Dr. Sylwester's opinion as limiting Plaintiff to *less than* 10 pounds of lifting/carrying, when Dr. Sylwester in fact found Plaintiff capable of lifting *up to* that amount occasionally and frequently. *See* Tr. 337. Thus, the ALJ not only misunderstood Dr. Sylwester's opinion as to lifting/carrying, but also failed to account for the entirety of her explanation for the basis of her opinion.[2]

Next, Plaintiff contends ALJ misevaluated Dr. Sylwester's opinion about sitting limitation, arguing the ALJ's reasoning violates the law of the case. In the current decision, the ALJ found Dr. Sylwester's opinion Plaintiff is limited to two hours of sitting per eight-hour workday was not supported by objective evidence because imaging studies of Plaintiff's lumbar spine and pelvis were either unremarkable or showed only mild degenerative changes. Tr. 730. But the first ALJ decision relied on similar reasoning to discount Dr. Sylwester's sitting limitation, Tr. 26, and that reasoning was found erroneous in a prior court remand order. *See* Tr. 812. Although the Commissioner contends that the court remand order did not "forestall[] the

---

[2] To the extent the ALJ also found Dr. Sylwester's lifting/carrying limitation was inconsistent with Plaintiff's ability to care for her baby, Tr. 730, Plaintiff's baby was "a couple of months" old at the time of Dr. Sylwester's examination and Plaintiff told Dr. Sylwester she reclined when feeding her baby. *See* Tr. 335. The ALJ does not cite any evidence Plaintiff's childcare activities exceeded Dr. Sylwester's lifting/carrying limitations and also did not address her testimony regarding the help she received from others in caring for her children. *See, e.g.*, Tr. 63-69.

ALJ from relying on conflicting MRI imaging to discount Sylwester's opinion," Dkt. 21 at 10, the court remand order found legal error in the prior ALJ's finding that Dr. Sylwester's sitting limitation was unsupported by imaging. *See* Tr. 812. That the ALJ in this decision was arguably more specific as to why the imaging did not support the sitting limitation does not cure the error identified in the prior court remand order.

Third[3], Plaintiff challenges the ALJ's discounting of Dr. Sylwester's "extreme" opinion as to Plaintiff's postural limitations, which Dr. Sylwester attributed in part to Plaintiff's limited range of motion. *See* Tr. 730-31. The prior court remand order affirmed this line of the ALJ's reasoning, finding the ALJ properly found Dr. Sylwester's opinion was undermined by other evidence in the record that Plaintiff's range of motion was not as limited as Dr. Sylwester found. *See* Tr. 812-13. Because the ALJ provided reasoning in this decision that was affirmed in the prior court remand order, the Court finds no error in this line of reasoning in the current decision.

*2. Robin Ballard, Ph.D.*

Dr. Ballard examined Plaintiff in September 2016 and wrote a narrative opinion describing her mental symptoms and limitations, providing a medical source statement as follows:

> Claimant does appear to have the ability to reason and understand but her thinking tends to be concrete. Her thinking appears to be at a level as would be expected given her low levels of education. Claimant's immediate and recent memory were intact and she had only mild limitations in remote memory. Her ability to sustain concentration and persist in the brief tasks of this evaluation showed mild limitations and appears to be consistent with her concentration and persistence in the home environment. Claimant has become somewhat isolated in her social interactions but presents as pleasant one-on-one. Her adaptations to her situation have been fair. In a work environment, it is expected that mental health symptoms would not prevent claimant from consistently attending work or

[3] Plaintiff contends the ALJ erred in discounting Dr. Sylwester's opinion in light of a State agency consultant's opinion, Dkt. 11 at 11, but the ALJ did not cite this reason in the decision and thus it cannot provide a basis for remand. *See* Tr. 730-31.

> learning and retaining simple work-related tasks. She may periodically have difficulty interacting with others or completing jobs depending on the number of panic attacks she has. She may have some physical limitations due to her complex medical issues that would be better assessed by a medical provider.

Tr. 340-44. The ALJ gave significant weight to Dr. Ballard's conclusions, Tr. 731, but Plaintiff contends the ALJ failed to account for the part of Dr. Ballard's opinion indicating Plaintiff "may periodically have difficulty . . . completing jobs depending on the number of panic attacks she has." Tr. 343.

The ALJ was instructed to specifically consider that part of Dr. Ballard's opinion in a prior court remand order, Tr. 813. The Commissioner contends the ALJ did so by limiting Plaintiff to only occasional changes in the work routine and setting, which could mitigate her panic attacks. Dkt. 21 at 11. But Plaintiff reported to Dr. Ballard that her panic attacks come on at random 2-3 times per week, Tr. 340, which undermines the Commissioner's suggestion an adaptation restriction would mitigate Plaintiff's panic attacks. Because the ALJ once again failed to explain how this part of Dr. Ballard's opinion was accounted for in the RFC assessment, the Court finds the ALJ erred in purporting to credit this opinion but not fully accounting for it.

*3. Sarah Landrum, M.D.*

Dr. Landrum completed a form opinion in April 2021, approximately 19 months after Plaintiff's date last insured, describing physical limitations that had existed since 2015. Tr. 1366-67. The ALJ gave little weight to Dr. Landrum's opinion, finding it broad, vague, and unsupported, and noting Dr. Landrum's answers to the form's questions indicate "the proffered limitations were guesses, at best." Tr. 732.

Plaintiff contends the ALJ erred in discounting Dr. Landrum's opinion as broad and vague, Dkt. 11 at 14. However, the Court finds the ALJ's interpretation is reasonable because Dr. Landrum did not identify specific vocational restrictions. The doctor indicated Plaintiff "lies

down at least three times per day" to relieve pain, but, as noted by the ALJ, did not indicate whether Plaintiff would need to recline during the workday, or whether reclining during a break or in the evening would suffice. *See* Tr. 732, 1366. She also opined both that Plaintiff would miss at least four days of work per month, but also indicated that it was "hard to say" how much work Plaintiff would miss. *See* Tr. 1367. The only objective findings cited by Dr. Landrum are two MRIs. *See* Tr. 1366. Under these circumstances, the ALJ did not err in discounting Dr. Landrum's opinion as vague and unsupported. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC."); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

**A. Plaintiff's Testimony[4]**

The ALJ discounted Plaintiff's testimony about her physical and mental limitations on the grounds that: (1) Plaintiff's allegation of disabling limitations caused by impaired sensation in her right leg are inconsistent with the objective evidence showing normal leg strength and normal gait, and no treating or examining physician has described Plaintiff with "chronic deficits of lower extremity strength, range of motion, reflexes, or general mobility" that would suggest

[4] The Commissioner contends Plaintiff cannot challenge the ALJ's assessment of her testimony because she raised no such challenge during her prior appeal of the first ALJ's decision. *See* Dkt. 21 at 2-3. The Commissioner cites no authority supporting that position under the circumstances of this case, where the two ALJ decisions at issue consider different evidence and different time periods and cite different reasons for discounting Plaintiff's testimony. *Compare* Tr. 15-31 *with* Tr. 718-35.

disabling physical limitations; (2) Plaintiff received routine and conservative treatment; (3) Plaintiff's decision to have a fourth child during the adjudicated period is "persuasive evidence" that she is less physically or emotionally limited than she alleged; and (4) Plaintiff's allegation of disabling mental limitations is inconsistent with the "largely unremarkable" mental status examinations in the record, as well as with her limited course of mental health treatment. Tr. 724-30. Plaintiff contends that the ALJ's reasons to discount her physical allegations are not clear and convincing, as required in the Ninth Circuit.[5] *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff argues the ALJ erred in focusing on objective evidence, such as findings of normal leg strength and normal gait, because she has fibromyalgia, and this condition is not diagnosed via objective findings. Dkt. 11 at 5. But the ALJ did not dispute Plaintiff has fibromyalgia, *see* Tr. 720, and did not cite objective findings as inconsistent with Plaintiff's complaints of pain caused by fibromyalgia or any other condition. Plaintiff alleged her pain prevented her from walking more than 10-15 steps, Tr. 249, and repeated examinations describing normal gait is reasonably inconsistent with such a severe allegation. The ALJ did not err in discounting Plaintiff's allegations on this basis. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

---

[5] Plaintiff does not challenge the ALJ's discounting of her mental allegations, which suggests that a remand for a finding of disability is inappropriate here because there are conflicts in the record as to the extent of Plaintiff's limitations. *See, e.g.*, *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015) ("The ALJ's well-supported credibility concerns raise additional factual issues that require resolution."). Thus, although Plaintiff requests in the alternative a remand for a finding of disability (Dkt. 11 at 18), the Court finds that further proceedings would serve a useful purpose here and exercises its discretion to remand for further proceedings.

Plaintiff further argues the ALJ erred in discounting her allegations based on conservative treatment. The ALJ noted Plaintiff complained of pain during a September 2015 appointment, but her provider referred her to neurosurgery and neurology and prescribed medication. Tr. 724 (citing Tr. 359-61). The ALJ found the "the routine and conservative treatment" prescribed by this provider undermines Plaintiff's allegation of disability, Tr. 725, but it is not clear why a referral to neurosurgery and neurology would be considered routine and conservative treatment. The course of treatment cited by the ALJ does not appear to be routine and conservative, and thus the ALJ's finding is not supported by substantial evidence.

The ALJ indicated later in the decision that Plaintiff engaged in some physical therapy, but also noted this treatment was unhelpful. *See* Tr. 726. While physical therapy could be considered conservative treatment, it did not lead to an improvement in Plaintiff's symptoms, and thus would not support discounting Plaintiff's allegations based on improvement with conservative treatment (as argued by the Commissioner (Dkt. # 21 at 5 ("[T]he ALJ reasonably inferred that [Plaintiff's] impairments improved with mostly conservative treatment.")).

Lastly, Plaintiff argues the ALJ erred in finding her decision to have a fourth child during the adjudicated period was "persuasive evidence" that undermines her allegation of physical and mental disability. *See* Tr. 725. The ALJ cited no evidence regarding Plaintiff's decision-making process that would contradict her allegation of disability, and the Court agrees with Plaintiff that this line of reasoning is erroneous and "entirely inappropriate[.]" Dkt. 11 at 6.

Because the ALJ's assessment of Plaintiff's physical allegations contains error, as explained herein, the ALJ should reconsider those allegations on remand. And because the ALJ found the same reasons to discount Plaintiff's testimony apply equally to similar lay evidence

(Tr. 230-37, 312, 1089-96), the ALJ's errors as to Plaintiff's testimony infect the assessment of the lay evidence. *See* Tr. 733. The ALJ should reconsider the lay evidence on remand as well.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). Although Plaintiff contends the Court should remand for an award of benefits, the Court finds further proceedings are appropriate. True, the Commissioner has had two opportunities to address this matter, but in the Court's view, the errors identified above need to be resolved by the Commissioner and not the Court on appeal. There may come a time where the Commissioner's repetitive errors will direct an award of benefits but the case has not yet reached that point.

On remand, the ALJ shall reconsider: (1) the sitting, lifting, and carrying restrictions listed in Dr. Sylwester's opinion; (2) Dr. Ballard's opinion as to Plaintiff's panic attacks; (3) Plaintiff's physical allegations; and (4) the lay evidence. The ALJ shall develop the record and redetermine RFC as necessary and proceed to all five steps of the disability evaluation process as appropriate.

DATED this 5th day of July, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

